

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

-vs-                                                            DECISION and ORDER

                                                                07-CR-6032-CJS-1
ANDRE WILLIAMS,                                                 18-CV-6134 CJS
                        Defendant
_____

APPEARANCES

For Defendant:      Andre Williams, *Pro se*
                    16114-055
                    Allenwood Low Federal Correctional Institution
                    P.O. Box 1000
                    White Deer, Pennsylvania 17887

For the United States:  Robert Marangola
                        Office of the United States Attorney
                        100 State Street
                        Room 620
                        Rochester, New York 14614

INTRODUCTION

Now before the Court is Andre Williams' ("Defendant" or "Williams"") *pro se* application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The application is denied, as it is untimely and fails to state a meritorious claim.

## BACKGROUND

This procedural history of this action was accurately set forth in the Government's response as follows:

> On March 9, 2007, the defendant, Andre Williams waived Indictment and pled guilty to a two-count felony Information which charged a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and a violation of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime). Williams appeared before this Court on September 5, 2007 and was sentenced to a 120-month term of imprisonment to be followed by five years of supervised release. The Judgment was filed September 13, 2007. Pursuant to the terms of the plea agreement, Williams did not file a direct appeal.
>
> Williams' supervised release commenced on October 22, 2015. Williams violated the terms of his supervised release, and on March 21, 2017, he was sentenced to 17 months imprisonment after admitting guilt to committing another federal, state, or local crime.
>
> On February 12, 2018, more than 10 years after his conviction became final, Williams filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Government's Response [#41] at pp. 1-2.

The subject § 2255 application alleges that Defendant's attorney provided ineffective assistance of counsel in connection with Defendant's decision to plead guilty in 2007:

> Movant asserts that his counsel of record provided constitutionally ineffective assistance by failing to adequately discuss his waiver of indictment prior to encouraging him into entering the unknowingly and involuntarily blindfold plea to the charged information. That as a result of

2

said ineffectiveness, Movant was prejudiced.

The foregoing is the verbatim statement of Defendant's claim, and the motion provides no additional details concerning the alleged ineffectiveness by defense counsel in 2007. The relief demanded is that the Court vacate the 2007 judgment of conviction and terminate the sentence that Defendant is presently serving for his violation of supervised release.

Defendant appears to recognize that there is a problem with the timeliness of the application. In this regard, Defendant contends that the application is timely because the sentence that he is presently serving due to his violation of supervised release "was derived from [the 2007] conviction."[1] In other words, Defendant seems to maintain that the § 2255 limitations period should be calculated in relation to his violation of supervised release, even though he is not challenging anything that happened in connection with the proceedings related to his violation of supervised release.

In response to the § 2255 motion, the Government indicates that the application should be dismissed as untimely. Defendant did not file a reply to the Government's response.

---

[1] Defendant used a form § 2255 motion form. The form stated that if the defendant's conviction became final more than a year ago, he needed to explain why his motion was not barred by § 2255's one-year statute of limitations. In response, Defendant wrote: "It is timely because my new sentences was derived from this conviction."

3

## DISCUSSION

### Defendant's *Pro Se* Status

Since Defendant is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

### Section 2255 Principles

Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b). Here, the Court finds that a full evidentiary hearing is not required because there are no material factual disputes and the record conclusively shows that Defendant is not entitled to relief.

### The Application Is Untimely

Defendant's original judgment of conviction based on his guilty plea was entered on September 13, 2007. The conviction became final fourteen days later, on September 27, 2007, since Defendant did not appeal. *See, Superville v. United*

4

*States*, 771 F. App'x 28, 31 (2d Cir. 2019) ("[T]he limitations period began to run from the date the judgment of conviction became final. Under § 2255(f)(1), the judgment became final on November 28, 2014, fourteen days after it was entered on November 14, 2014, as Superville did not appeal. *See* Fed. R. App. P. (4)(b) (requiring appeal in criminal case to be filed within fourteen days of judgment)."). The limitations period for Defendant to file a § 2255 motion relating to that conviction expired one year later, in September, 2008. Defendant filed the subject § 2255 motion on February 12, 2018, almost ten years beyond the limitations period. Defendant offers no explanation for that delay, and there is no suggestion that equitable tolling would apply.

Defendant nevertheless appears to argue that the motion is timely because it was filed within a year after the judgment was entered, revoking his supervised release, on March 24, 2017. However, that argument lacks merit. The claim raised by Defendant in the instant § 2255 application has nothing to do with his violation of supervised release or the resulting sentence, and therefore the statute of limitations is not calculated from the date of the judgment revoking his supervised release. *See, e.g., Dickson v. United States*, No. CIV.A. 12-7001 PGS, 2015 WL 4607202, at *2 (D.N.J. July 31, 2015) ("Here, it appears that Petitioner is arguing that the 1–year limitations period did not begin to run until November 1, 2011, the date on which this Court issued an arrest warrant based on a violation of his supervised release. . . . The violation of supervised release was based on the fact that Petitioner was arrested in Brooklyn, New York on October 20, 2011

and charged with burglary, kidnapping, robbery and assault. The [violation of supervised release] has nothing to do with the circumstances of Petitioner's original conviction and sentence [in 2009]. . . . Absent equitable tolling, the [§ 2255] limitations period expired one year [after the original conviction became final].") (internal citations omitted); *see also, United States v. Figueroa-Banuelos*, No. 2: 06-CR-0347 WBS, 2015 WL 779172, at *2 (E.D. Cal. Feb. 24, 2015) ("'Conviction' in 28 U.S.C. § 2255(f) refers to the underlying case, rather than a judgment imposed as a result of a supervised release revocation. Therefore, because movant raises a claim challenging his original sentence, [the date that judgment became final] was the triggering date for the statute of limitations in this case.") (citations omitted), report and recommendation adopted, No. 2:06-CR-0347 WBS KJN, 2015 WL 1401027 (E.D. Cal. Mar. 25, 2015).

The application must therefore be denied as untimely.

<u>The Motion Lacks Merit</u>

Even assuming that the application was timely, Defendant simply offers no facts to support his contention that his attorney provided ineffective assistance in connection with his decision to plead guilty. Moreover, contrary to Defendant's belated and bald assertion that his attorney's alleged ineffectiveness rendered his plea other than knowing and voluntary, the Court expressly found at the time of the plea, as it always does before accepting a plea, that the plea was being entered intelligently, knowingly and voluntarily.

Accordingly, the application lacks merit.

CONCLUSION

Defendant's application [#40] under 28 U.S.C. § 2255 is denied. The Clerk of the Court is directed to close this case. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Defendant has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
November 14, 2019

ENTER:

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge